Deborah **BEARD**, Nelson Hernandez, Julio Colon, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

George K. **WYMAN**, individually and in his capacity as Commissioner of the New York State Department of Social Services, and Jack R. Goldberg, individually and in his capacity as Commissioner of the New York City Department of Social Services, Defendants.

No. 70 Civ. 1035.

United States District Court,
S. D. New York.

July 8, 1970.

---

4. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

---

Marttie Louis Thompson (MFY), New York City, by David A. Diamond, Stephen Wizner and Virginia Schuler, New York City, of counsel, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. by Michael Colodner, Asst. Atty. Gen., of counsel for defendant Wyman.

J. Lee Rankin, Corp. Counsel by Yvette G. Harmon and Victor P. Muskin, New York City, of counsel for defendant Goldberg.

MOTLEY, District Judge.

*Memorandum Opinion on Motion for Preliminary Injunction*

This is a civil rights action, 42 U.S.C. § 1983, 28 U.S.C. § 1343, brought to enjoin the enforcement of a recently adopted procedure by the New York City Department of Social Services which requires narcotics addicts who are amenable to treatment to submit to rehabilitation therapy as a condition of home relief (welfare assistance).

Plaintiffs' motion for preliminary injunction is denied on the ground that upon the hearing of said motion it affirmatively appeared that there are, in fact, no narcotic rehabilitation programs available to plaintiffs for at least a year and a half. All that is required of plaintiffs, at this time, is that they get on the waiting list of some program. Before plaintiffs are required to get on a waiting list, a medical doctor must: 1) determine that they are addicts, and 2) determine that they are amenable to treatment. If an examining doctor is not immediately available, assistance is given in the interim. A Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970), hearing is available to review any determination of addiction or amenability to treatment, during which time assistance is granted. (See State's Brief at 9–14 and see City's Brief at 10–12).

Plaintiffs have, therefore, failed to show that the denial of the preliminary injunction would result in any immediate irreparable injury to them, a cardinal prerequisite for the granting of such relief, pending trial of this case.

Moreover, plaintiffs raise numerous novel and highly doubtful claims of unconstitutionality as to the new procedure which should not be decided on conflicting assertions of fact and argument on a motion for preliminary injunction, which has not been accompanied by any evidentiary hearing which establishes how the procedure under attack actually operates and thus resolves disputed issues of fact with respect to such operation.

The motion of defendant Wyman to dismiss for failure of the complaint to state a claim as to him is granted. Both sides agree that the procedure presently under attack is limited to New York City. Defendant Wyman is, therefore, an unnecessary party.

Motion to dismiss of defendant Goldberg is denied. An expedited trial of this case should be sought.